**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **JOEL CLEMENT,** <br> c/o Katherine R. Atkinson <br> Wilkenfeld, Herendeen & Atkinson <br> 1731 Connecticut Ave, NW <br> Third Floor <br> Washington, DC 20009 <br><br> **Plaintiff,** <br><br> v. <br><br> **U.S. DEPARTMENT** <br> **OF THE INTERIOR,** <br> 1849 C Street, NW <br> Washington, DC 20240 <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

1. Plaintiff, Joel Clement, brings this action against the U.S. Department of the Interior ("DOI") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory, injunctive, and other appropriate relief to compel compliance with the FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the parties pursuant to 5 U.S.C. § 552 (a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue lies in this district under 5 U.S.C. §552 (a)(4)(B) and 28 U.S.C. § 1391(c) and (e).

4. Plaintiff has exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) because Defendant failed to respond within the applicable time-limit provisions of the

FOIA.  Plaintiff is now entitled to judicial action enjoining Defendant from continuing to withhold agency records and ordering Defendant to produce improperly withheld records.

## PARTIES

5. Plaintiff is a resident of Washington, DC.  He was an employee of the DOI at the time he filed the FOIA requests at issue here.

6. Defendant is a department of the executive branch of the United States government headquartered in Washington, DC.  Defendant is an agency within the meaning of 5 U.S.C. § 552 (f)(1).  Defendant has possession, custody, and control of the records Plaintiff seeks.

## STATEMENT OF FACTS

*Mass Reassignment of Members of Defendant's Senior Executive Service*

7. On June 15, 2017, Plaintiff and between thirty to fifty other members of the DOI Senior Executive Service received directed reassignments.

8. Approximately 227 people make up the DOI Senior Executive Service ("SES").

9. On June 20, 2017, DOI Secretary Ryan Zinke testified before the Senate Energy and Natural Resources Committee regarding the President's 2018 budget request.  Secretary Zinke testified that the 2018 budget would eliminate roughly 4,000 full time staff from DOI.  He explained that DOI would accomplish this reduction through "a combination of attrition, reassignments, and separation incentives."

10. On information and belief, the Executive Resources Board that decided to issue the June 15 directed reassignments consisted of five DOI political appointees and zero career civil servants.

*Plaintiff's Whistleblower Retaliation Complaint and Whistleblower Disclosure*

1. As part of Plaintiff's duties with the Office of Policy Analysis, he addressed the danger posed by melting permafrost and other climate change impacts to Alaska Native communities such as Kivalina, Shishmaref, and Shaktoolik.

2. Plaintiff had raised the threats to these communities and the opportunities for developing resilience plans publicly – at the United Nations, for example – as well as inside the federal government.

3. Defendant reassigned Plaintiff from his position as Director of the Office of Policy Analysis in the Office of the Secretary to Senior Program Advisor with the Office of Natural Resources Revenue ("ONRR").

4. ONRR collects, accounts for, and verifies natural resources revenue.

5. Plaintiff does not have auditing experience or education.

6. On information and belief, ONRR had no duties for Plaintiff to perform when he was reassigned into ONRR.

7. Defendant did not consult Plaintiff about his knowledge, skills, or abilities before the directed reassignment.

8. Plaintiff's performance before the reassignment, as reflected in his evaluations, was outstanding.

9. On July 19, 2017, Plaintiff filed a whistleblower retaliation complaint and disclosure with the U.S. Office of Special Counsel.

10. In his complaint, Plaintiff alleged he was reassigned in retaliation for having raised dangers to the health and safety of Americans in Kivalina, Shishmaref, and Shaktoolik.

11. In his disclosure, Plaintiff alleged that the mass reassignments constituted gross mismanagement, a gross waste of funds, a substantial danger to public health and safety, and a violation of law and regulation.

*Congressional Inquiries*

12. On July 11, 2017, Senator Tom Udall, Ranking Member of the Subcommittee on the Interior, Environment, and Related Agencies of the Senate Committee on Appropriations wrote Secretary Zinke expressing concern about the directed reassignments.

13. Senator Udall noted Secretary Zinke's June 20 testimony that he aspired to be "the most transparent" secretary and supported "absolute transparency."

14. Senator Udall remarked that despite Secretary Zinke's testimony, the Subcommittee had "no idea why these positions were selected for reassignment, or how moving these individuals out of their current positions improves the management of the Department." Senator Udall explained that the Subcommittee did not know how the changes fit, "if at all," into DOI's workforce plan.

15. Senator Udall wrote that a number of the reassignments included moving senior executives to new bureaus or new duty stations. He expressed concern with "uprooting employees who have formed deep and lasting relationships with the surrounding communities … with virtually no notice and no input from those communities." He explained that the Subcommittee needed to understand the personnel decisions since they carried real consequences for the employees as well as their constituents.

16. Senator Udall asked a number of questions, including the total number of SES members reassigned, the criteria used to identify individuals selected for reassignment, and the cost of the reassignments.

17. To date, Defendant has not responded to Senator Udall.

18. On October 6, 2017, Representative Elijah E. Cummings, the Ranking Member of the House Committee on Oversight and Government Reform wrote DOI Secretary Zinke about the June 15 reassignments.

19. Representative Cummings noted that Secretary Zinke had given a speech on September 25, in which he accused thirty percent of DOI employees of being disloyal to the American flag.

20. Representative Cummings raised concerns that Defendant was using personnel reassignments to move individuals disloyal to the Trump Administration and to shrink the DOI workforce. He pointed out that such a tactic would violate the merit system protections under 5 U.S.C. § 2301.

21. Representative Cummings also asked for DOI records relating to the reassignments.

22. To date, Defendant has not responded to Representative Cummings's request for information.

23. As these congressional inquiries demonstrate, the agency records Plaintiff seeks in his FOIA requests are of significant interest to the American public and will contribute to the public understanding of DOI's operations and activities.

*Plaintiff's FOIA Requests*

24. By email on September 8, 2017, Plaintiff submitted FOIA requests to DOI seeking the following records:

   a. All agency records identifying members of the Senior Executive Service to whom the Department issued directed reassignment memoranda in June 2017.

   b. All agency records identifying members of the Senior Executive Service to whom the Department issued directed reassignment memoranda from January 20, 2017 through May 31, 2017.

c.  All agency records relating to reorganizing the staff of the agency from January 20, 2017 through the present.

d.  All agency records relating to reassignments within the agency from January 20, 2017 through the present.

e.  All agency records relating to buy-outs from January 20, 2017 through the present.

f.  All agency records relating to reductions in force from January 20, 2017 through the present.

g.  All agency records notifying members of the Senior Executive Service of a reassignment that were created between January 20, 2017 and the present.

h.  All agency records identifying the members of the Senior Executive Service who the Department considered for a reassignment since January 20, 2017.

i.  All agency records related to issuance of directed reassignment memoranda to members of the Senior Executive Service in June 2017, including letters, memoranda, notes, emails, and calendar entries.

j.  All agency records, including but not limited to emails, memoranda, and notes related to the identities of the members of the Executive Resources Board who decided to issue directed reassignments to members of the Senior Executive Service in June 2017.

k.  All agency records, including but not limited to emails, memoranda, and notes related to the identities of anyone who provided input into the decision(s) to reassign each member of member of the Senior Executive Service who the agency reassigned in June 2017.

l.  All agency records, including but not limited to emails, memoranda, and notes related to the decision to issue Joel Clement a directed reassignment in June 2017.

m.  All agency records, including but not limited to emails, memoranda, and notes related to Joel Clement's work assignments from January 20, 2017 to the present.

n.  All agency records, including but not limited to emails, memoranda, and notes related to Joel Clement's role in the Office of Natural Resources Revenue from May 1, 2017 to the present.

o.  All agency records, including but not limited to emails, memoranda, and notes related to Joel Clement's role in the Office of Policy Analysis from January 20, 2017 to the present.

p. All agency records, including but not limited to emails, memoranda, and notes, created in response to the April 21, 2017 1:08 PM email from Joel Clement to Mark Eshbaugh and George Banks, subject: Arctic Resilience Action Framework.

q. All agency records created on or after January 20, 2017 regarding the responsibilities of the position of Senior Program Advisor (ES-0301) in the Office of Natural Resource Revenue, including but not limited to the position description for this position.

r. All agency records regarding correspondence, including but not limited to emails and memoranda, to/from Daniel Jorjani seeking information regarding Department of Interior offices and/or employees working on climate change issues, from January 20, 2017 through the present.

s. All agency records regarding correspondence, including but not limited to emails and memoranda, to/from Daniel Jorjani seeking information regarding Joel Clement, from January 20, 2017 through the present.

t. All agency records regarding correspondence, including but not limited to emails and memoranda, to/from Chief of Staff Amy Holley seeking information regarding Department of Interior offices and/or employees working on climate change issues, from January 20, 2017 through the present.

u. All agency records to and from Principal Deputy Solicitor Daniel Jorjani regarding climate change.

v. All agency records regarding correspondence, including but not limited to emails, notes, and memoranda, to and from Gregory Gould regarding the assignment of members of the Senior Executive Service to the Office of Natural Resource Revenue, from January 20, 2017 through the present.

w. All agency records, including but not limited to emails, notes and memoranda, to and from Gregory Gould regarding Joel Clement, from May 1, 2017 through the present.

x. All agency records, including but not limited to emails, notes, and memoranda regarding the agency's efforts to consult with members of the Senior Executive Service in advance of their June 2017 reassignments.

y. All agency records, including but not limited to emails, notes, and memoranda regarding the agency's reason(s) for issuing directed reassignments to members of the Senior Executive Service on June 15, 2017.

z. All agency records regarding correspondence, including but not limited to emails, notes and memoranda, to and from Daniel Jorjani regarding Alaska, from January 20,

2017 through the present.

aa. All agency records regarding correspondence, including but not limited to emails, notes and memoranda, to and from Daniel Jorjani referencing the Arctic, from January 20, 2017 through the present.

bb. All agency records regarding correspondence, including but not limited to emails, notes and memoranda, to and from Mary Pletcher regarding reassignments of agency employees, from January 20, 2017 through the present.

cc. All agency records, including but not limited to emails, notes and memoranda, regarding orders for medical examinations of members of the Senior Executive Service, from May 1, 2017, through the present.

dd. All agency records, including but not limited to emails, notes and memoranda, regarding political affiliation of members of the Senior Executive Service, from January 20, 2017 through the present.

ee. All agency records, including but not limited to emails, notes and memoranda, regarding political activities of members of the Senior Executive Service, from January 20, 2017 through the present.

ff. All agency records, including but not limited to emails, notes and memoranda, regarding donations to political candidates of members of the Senior Executive Service, from January 20, 2017 through the present.

gg. All agency records regarding correspondence, including but not limited to emails and memoranda, regarding Joel Clement sent to or by any of the following, from January 20, 2017 to the present: Secretary Ryan Zinke, Deputy Secretary David Bernhardt, Deputy Assistant Secretary Aurelia Skipwith, Deputy Assistant Secretary Katharine MacGregor, Acting Commissioner David Murillo, Acting Director Michael Nedd, Michael Reynolds, Glenda Owens, William Werkheiser, Principal Deputy Solicitor Daniel Jorjani, Chief of Staff Amy Holley, James Cason, Ryan Nelson, Mary Pletcher, and Douglas Domenech.

25. On October 4, 2017, DOI sent Plaintiff an acknowledgment of his September 8 FOIA request assigning it control number OS-2017-01174.

26. DOI also indicated that it had classified Plaintiff's request as an "other-use request," took a ten workday extension under 43 C.F.R. § 2.19, and placed the request under the "simple" processing track pursuant to 43 C.F.R. § 2.15.

27. Also on October 4, 2017, Plaintiff filed another FOIA request with Defendant seeking:

   a. All agency records regarding correspondence, including but not limited to emails and memoranda, to or from Indur Goklany regarding Joel Clement, from November 7, 2016 through the date of your response to this request:

   b. All agency records, including but not limited to emails, memoranda, and notes to, from, or contributed to by Indur Goklany that contain the words "climate change" from November 7, 2016 through the date of your response to this request:

   c. All agency records, including but not limited to emails, memoranda, and notes to, from, or contributed to by Indur Goklany that contain the word "model" from November 7, 2016 through the date of your response to this request:

   d. All agency records regarding correspondence, including but not limited to emails and memoranda, to or from the following individuals regarding political activity by members of the Senior Executive Service, from January 20, 2017 through the date of your response to this request:

      a. Daniel Jorjani
      b. James Cason
      c. Ryan Zinke
      d. Douglas Domenech
      e. David L. Bernhardt
      f. Lori Mashburn
      g. Downey Magallanes
      h. Scott Cameron
      i. Scott Hommel

   e. All agency records regarding correspondence, including but not limited to emails and memoranda, to or from the following individuals regarding political affiliation of members of the Senior Executive Service, from January 20, 2017 through the date of your response to this request:

      a. Daniel Jorjani
      b. James Cason
      c. Ryan Zinke
      d. Douglas Domenech
      e. David L. Bernhardt
      f. Lori Mashburn
      g. Downey Magallanes
      h. Scott Cameron
      i. Scott Hommel

   f. All agency records regarding correspondence, including but not limited to emails and

9

memoranda, to or from the following individuals regarding political donations by members of the Senior Executive Service, from January 20, 2017 through the date of your response to this request:

  a. Daniel Jorjani
  b. James Cason
  c. Ryan Zinke
  d. Douglas Domenech
  e. David L. Bernhardt
  f. Lori Mashburn
  g. Downey Magallanes
  h. Scott Cameron
  i. Scott Hommel

28. On October 6, Plaintiff (through counsel) emailed the FOIA office indicating that October 20, 2017 was the due date for records responsive to OS-2017-01174, including the ten workday extension.

29. Also on October 6, Defendant acknowledged receipt of Plaintiff's October 4 FOIA request and assigned it control number OS-2018-00025. Defendant indicated it was aggregating the request with OS-2017-01174, pursuant to 43 C.F.R. § 2.54.

30. Defendant sought approval from Plaintiff to pay additional fees for the production in the October 6 letter, which Plaintiff approved the same day.

31. Plaintiff (through counsel) asked that the processing deadlines for OS-2017-01174 and OS-2018-00025 be kept separate and wrote, "Also, if you all have questions as you conduct the search, don't hesitate to ask. We are happy to help narrow if we can."

32. On October 10, Defendant's FOIA office responded expressing thanks and indicating that they would be in touch. The FOIA office also wrote, "we will produce a lot of the information without charges due to other FOIA requests and document requests…." Defendant linked to Representative Cummings's October 6 request for information.

33. On October 17, Plaintiff (through counsel) again emailed Defendant's FOIA office indicating that the deadline was approaching and asking to at least receive "the list of all of the SES members who were reassigned on June 15."

34. On October 18, DOI responded, "I'm checking to see if we can get something to you. We haven't received any records yet, so I hope I can."

35. On October 19, DOI emailed with a clarification question about the scope of one of the requests and Plaintiff (through counsel) responded that day.

36. On October 24, Plaintiff (through counsel) again emailed the DOI FOIA office asking for the status.

37. Also on October 24, Plaintiff filed an administrative appeal of FOIA request number OS-2017-01174 with the DOI Office of the Solicitor.  To date, Plaintiff has received no acknowledgment or other response regarding the appeal.

38. On October 25, the DOI FOIA office responded to Plaintiff's October 24 email, "I've made progress, but I don't have records yet.  We learned that there is an actual list of employees and followed up on getting the list to me this morning.  Hopefully we will receive it soon."

*Agency Inaction*

39. To date, Defendant has not produced a single record.

40. Defendant has not made a determination as to Plaintiff's FOIA requests.

41. Defendant has not provided an index of any documents withheld pursuant to claimed exemptions.

42. Plaintiff has constructively exhausted his administrative remedies and seeks immediate judicial review because more than twenty days have passed since Defendant received FOIA requests OS-2017-01174 and OS-2018-00025.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Search for Records**

43. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

44. Plaintiff properly requested records within the possession, custody, and control of Defendant.

45. Defendant is an agency subject to the FOIA and must therefore make reasonable effort to search for requested records.

46. Defendant failed to promptly review records for the purpose of locating those responsive to Plaintiff's FOIA requests.

47. Defendant's failure to conduct an adequate search for responsive records violates the FOIA.

48. As such, Plaintiff is entitled to injunctive and declaratory relief requiring Defendant to promptly search for responsive records.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Records**

49. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

50. Plaintiff properly requested records within the possession, custody, and control of Defendant.

51. Defendant is an agency subject to the FOIA and therefore must release non-exempt responsive records and provide a lawful basis for withholding any materials.

52. Defendants are improperly withholding agency records by failing to respond to Plaintiff's FOIA requests.

53. Defendant's failure to produce responsive records violates the FOIA.

54. Defendant's failure to articulate lawful bases for withholding records violates the FOIA.

55. Plaintiff is entitled to injunctive and declaratory relief compelling Defendant to promptly produce all responsive non-exempt records and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and award the following relief:

a. Order Defendant to conduct a search reasonably calculated to uncover all records responsive to Plaintiff's FOIA requests submitted to Defendant on September 8, 2017;

b. Order Defendant to conduct a search reasonably calculated to uncover all records responsive to Plaintiff's FOIA requests submitted to Defendant on October 4, 2017;

c. Order Defendant to produce all non-exempt responsive records by such a date as the Court deems appropriate and indexes justifying the withholding of responsive records withheld under claim of exemption;

d. Enjoin Defendant from continuing to withhold non-exempt records responsive to Plaintiff's FOIA requests;

e. Award Plaintiff his costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

    f.   Grant Plaintiff such other relief as the Court may deem just and proper.

Dated: November 14, 2017                          Respectfully submitted,

                                                                         /s/ Katherine R. Atkinson

                                              Katherine R. Atkinson, Bar No. MD17246
                                              Lauren Naylor, Bar No. 1044317
                                              Wilkenfeld, Herendeen & Atkinson
                                              1731 Connecticut Avenue, NW
                                              Third Floor
                                              Washington, DC 20009
                                              T: 202-765-2253
                                              F: 202-600-2792
                                              katherine@wilkenfeldlaw.com