**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                )
JOEL CLEMENT,                                   )
                                                )
                    Plaintiff,                  )
                                                )
          v.                                    )          Case No. 1:17-cv-2451 (CRC)
                                                )
U.S. DEPARTMENT OF THE INTERIOR                 )
                                                )
                                                )
                    Defendant.                  )
_____)

## ANSWER

Defendant, the United States Department of the Interior ("DOI"), by and through

undersigned counsel, hereby answers the numbered paragraphs in Plaintiff's Complaint as follows:

1.       Paragraph 1 consists of Plaintiff's characterization of this lawsuit, to which no

response is required.

### JURISDICTION AND VENUE

2.       Admit.

3.       Admit.

4.       Paragraph 4 consists of conclusions of law, to which no response is required. To

the extent a response is required, Defendant denies.

### PARTIES

5.       Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 5.

6.       Admit.

## STATEMENT OF FACTS

*Mass Reassignment of Members of Defendant's Senior Executive Service*

7.      Defendant avers that on June 15, 2017 thirty-three members of the Department of the Interior's career Senior Executive Service ("SES") received proposed or formal notices of directed reassignment.  Defendant otherwise denies the allegations contained in this paragraph.

8.      Defendant avers that DOI has 244 slots for career SES but that the number onboard will vary.  At the time of the SES reassignments, DOI had 215 career SES.  Defendant otherwise denies the allegations contained in this paragraph.

9.      With respect to the first sentence, Defendant admits that on June 20, 2017 DOI Secretary Ryan Zinke testified before the Senate Energy and Natural Resources committee regarding the President's fiscal year 2018 budget request.  Defendant further avers that the Secretary's statement before the committee stated "The 2018 budget reduces lower priority programs $1.6 billion below 2017 and supports 59,968 full time equivalents. This represents an estimated reduction of roughly 4,000 full time equivalent staff from 2017. To accomplish this, the Department will rely on a combination of attrition, reassignments, and separation incentives. Actual attrition rates and acceptance of separation incentives will determine the need for further action to reduce staffing."

10.      Defendant avers that at the time of the reassignments, the ERB was composed of six political appointees.  Defendant further avers that the Deputy Assistant Secretary for Human Capital and Diversity and Chief Human Capital Officer was an advisor to the Executive Resources Board, and that DOI's Chief Human Capital Officer and Deputy Solicitor for General Law, both career members of the SES, reviewed all reassignments to ensure SES members' were qualified for the positions to which they were being reassigned and conformance with all laws and regulations.  Defendant otherwise denies the allegations contained in this paragraph.

*Plaintiff's Whistleblower Retaliation Complaint and Whistleblower Disclosure*

1.      Admit.

2.      Admit.

3.      Admit.

4.      Admit.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.      Deny.

7.      Admit.

8.      Admit.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

*Congressional Inquiries*

12.      Admit that Senator Tom Udall sent a letter to Secretary Zinke dated July 11, 2017. The letter speaks for itself, and the Defendant respectfully refers the Court to it for a complete and accurate statement of its contents.

13.      With respect to paragraph 13, the letter speaks for itself, and the Defendant respectfully refers the Court to it for a complete and accurate statement of its contents.

14.     With respect to paragraph 14, the letter speaks for itself, and the Defendant respectfully refers the Court to it for a complete and accurate statement of its contents.

15.     With respect to paragraph 15, the letter speaks for itself, and the Defendant respectfully refers the Court to it for a complete and accurate statement of its contents.

16.     With respect to paragraph 16, the letter speaks for itself, and the Defendant respectfully refers the Court to it for a complete and accurate statement of its contents.

17.     Admit that as of November 14, 2017, the date the complaint was filed, the Defendant had not responded to Senator Udall.  Defendant avers that on December 4, 2017, Defendant responded to Senator Udall's July 11, 2017 letter.

18.     Admit that Representative Elijah E. Cummings sent a letter to Secretary Zinke dated October 6, 2017.   The letter speaks for itself, and the Defendant respectfully refers the Court to it for a complete and accurate statement of its contents.

19.     With respect to paragraph 19, the letter speaks for itself, and the Defendant respectfully refers the Court to it for a complete and accurate statement of its contents.

20.     With respect to paragraph 20, the letter speaks for itself, and the Defendant respectfully refers the Court to it for a complete and accurate statement of its contents.

21.     With respect to paragraph 21, the letter speaks for itself, and the Defendant respectfully refers the Court to it for a complete and accurate statement of its contents.

22.     Admit that as of November 14, 2017, the date the complaint was filed, the Defendant had not responded to Representative Cummings.  Defendant avers that on December 4, 2017, Defendant responded to Representative Cummings' October 6, 2017 letter.

23.     Paragraph 23 consists of Plaintiff's characterization of the congressional inquiries, to which no response is required.  To the extent a response is required, Defendant denies.

*Plaintiff's FOIA Requests*

24.     Admit that DOI received a FOIA request from Plaintiff on September 8, 2017.  The request speaks for itself and Defendant respectfully refers the Court to it for a complete and accurate statement of its contents.

25.     Admit.

26.     Admit.

27.     Admit that DOI received a FOIA request from Plaintiff on October 4, 2017.  The request speaks for itself and Defendant respectfully refers the Court to it for a complete and accurate statement of its contents.

28.     Admit.

29.     Admit.

30.     Admit.

31.     Admit.

32.     Admit.

33.     Admit.

34.     Admit.

35.     Admit.

36.     Defendant avers that on October 24, Plaintiff (through counsel) emailed the DOI Office of the Secretary FOIA office asking for the status.  Defendant otherwise denies the allegations contained in this paragraph.

37.     Admit.

38.     Defendant avers that on October 25, the DOI Office of the Secretary FOIA office responded to Plaintiff's October 24 email, "I've made progress, but I don't have records yet. We

learned that there is an actual list of employees and followed up on getting the list to me this morning. Hopefully we will receive it soon." Defendant otherwise denies the allegations contained in this paragraph.

*Agency Inaction*

39.     Admit that as of November 14, 2017, the date the complaint was filed, the Defendant had not produced records responsive to Plaintiff's request.  Defendant avers that on December 4, 2017 Defendant notified Plaintiff (through Counsel) that information responsive to Plaintiff's request was available on the DOI Office of the Secretary FOIA library website, and that additional information would be posted to the website on a rolling basis.

40.     Admit.

41.     Admit.

42.     Paragraph 42 consists of conclusions of law and Plaintiff's characterization of why he seeks judicial review, to which no response is required.

## COUNT I

43.     Defendant hereby incorporates its responses to all the allegations in the preceding paragraphs.

44.     Paragraph 44 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

45.     Paragraph 45 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

46.     Paragraph 46 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

47.     Paragraph 47 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

48.     Paragraph 48 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

## COUNT II

49.     Defendant hereby incorporates its responses to all the allegations in the preceding paragraphs.

50.     Paragraph 50 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

51.     Paragraph 51 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

52.     Paragraph 52 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

53.     Paragraph 53 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

54.     Paragraph 54 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

55.     Paragraph 55 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

The remaining unnumbered paragraph, including subparts (A) through (E), constitutes a request for relief, to which no response is required.  To the extent a response is deemed necessary, Defendants deny that Plaintiff is entitled to the requested relief or to any relief whatsoever.

Defendants hereby deny all allegations in Plaintiff's Complaint not expressly admitted or denied.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs are not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA, 5 U.S.C. § 552.

Respectfully submitted,

JESSIE K. LIU, D.C. Bar. No. 472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division

By:      _/s/   *Damon Taaffe*_____
DAMON TAAFFE, D.C. Bar No. 483874
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20001
(202) 252-2544
damon.taaffe@usdoj.gov